# Exhibit D

8. Plaintiff objects to the Interrogatories and/or Document Request to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to the Interrogatories and/or Document Request to the extent that they seek confidential or proprietary information.

10. Any disclosure by plaintiff in response to an otherwise objectionable Interrogatory and/or Document Request shall neither be deemed nor constitute a waiver of its general objections.

11. Plaintiff's answers to the Interrogatories and/or Document Request reflects her understanding of the facts and circumstances as of the date set forth herein, after duly diligent investigation. Plaintiff reserves her right to supplement and amend her responses where necessary or appropriate upon further investigation.

12. The following specific answers and objections are subject to the foregoing reservation of rights and general objections.

## SPECIFIC ANSWERS AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1:**       Identify each person who prepared or helped prepare your responses to these interrogatories.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff identifies that she has not retained, specifically employed and/or consulted with any persons responsive to this interrogatory.

**Interrogatory No. 2:**       Identify yourself and state:
a. Your date and place of birth;
b. Each name you used since birth and the dates used;
c. Your addresses for the last ten years and dates used;

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff answers as follows:

a.    Plaintiff identifies herself as Ruth Fowler, born on the 28th day of March 1979, in Chester, United Kingdom;

b.    Plaintiff has used the name Ruth Fowler since birth. Plaintiff further identifies that she used the pseudonym "Mimi in New York" while writing between 2005-2007 and went by the following names in her employment: (i) "*Mimi*" at Scores (August 2005-December 2005) and Flash Dancers (May 2005-August 2005); and (ii) "*Lily*" at VIP (January 2006-September 2006).

c.    Plaintiff identifies the following as her addresses for the last ten years and dates used:

*September 1997 - June 2000 - New Hall, Cambridge University, Cambridge, UK*
*July 2000 - March 2001 - Colegio Santa Hilda, Hurlingham, Buenos Aires, Argentina*
*September 2001 - July 2002 - Kings College, Cambridge, UK*
*November 2002 - May 2003 - Le Vieux Logis, Alpe D'Huez, France*
*May 2003 - January 2005 - I lived on various boats on which I worked, in Antibes,    Cannes, St Tropez, Monaco, the Caribbean, Florida etc.*
*February 2005 - August 2005 - 76 Rutledge Street, Brooklyn, NY*
*August 2005 - January 2006 - 211 West 56th Street Apt 9C, New York, NY 10019*
*January 2006 - September 2006 - 19 Stanton Street, Apt 33, New York, NY 10002*
*October 2006 - August 2007 - 302 Mott Street Apt 11, New York, NY 10012*
*August 2007 - January 2008 - 15 Haringey Park, Crouch End, London N8 9HY*
*January 2008 - May 2008 - 32 Grangemill, Ingestre Road, London NW5 1XH*
*May 2008 - August 2008 - No fixed address*
*August 2008 - January 2009 - 121 N Rampart Blvd Apt 3, Los Angeles, CA 90026*
*January 2009 - January 2010 - 819 Woodlawn Avenue, Venice, CA 90291*
*January 2010 - Present Day - 525 Santa Clara Avenue Apt B, Venice, CA 90291*

**Interrogatory No. 3:**        Identify each school your have attended beginning with high school and for each give:
a. The dates attended;
b. The highest grade completed;
c. The degrees received.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff answers her education background and degrees obtained as follows:

*Mold Alun High School - 1990 - 1997. 9 GCSE's, 3 A-levels, 1 AS level*
*Cambridge University - 1997 - 2000. BA Hons, MA (first class - equiv. to 4.0 GPA)*
*Cambridge University - 2001 - 2002. MPhil*

**Interrogatory No. 4:**     Identify each employer and self-employment you have had during the last ten years and for each give:
a. The dates employed;
b. The nature of your work;
c. Your job title;
d. The reason you left.

ANSWER:   Subject to and without waving the foregoing rights and objections, plaintiff identifies her employment history to be as follows:

*July 2000 - July 2001: Colegio Santa Hilda, Hurlingham, Buenos Aires, Argentina : English Literature Teacher. Plaintiff taught children aged 11 to 18 years old.  Plaintiff left to return to the UK to complete a MPhil at Kings College, Cambridge.*

*November 2002 - May 2003 - Le Vieux Logis, Alpe D'Huez, France. Chef in chalet in ski resort. Plaintiff left as the season ended.*

*May 2003 - January 2005 - Chef on Private Yachts (M/Y Kirsty Mary, S/Y INXS, M/Y Polar Star, S/Y La Bella, S/Y Sea Hawk, S/Y Catbird, M/Y Sea Jewel, M/Y Turmoil) Personal chef all over Caribbean and Mediterranean. Plaintiff took this employment to pay off student loans, and when she had paid them off, she left to pursue a journalism career in New York.*

*April 2005 - August 2005: Flash Dancers Gentleman's Club, Manhattan, NY. Cocktail Waitress and Dancer. Plaintiff was fired after NY Times article came out and they recognized her.*

*September 2005 - December 2005: Scores West. Dancer. Plaintiff was fired.*

*January 2006 - September 2006: VIP Gentleman's Club. Dancer. Plaintiff left after she got a book deal.*

*September 2006 - January 2008: Plaintiff was writing her book 'No Man's Land' aka 'Girl Undressed' for Penguin press.*

*January 2008 - Present Day: Freelance journalist: The Guardian, The Observer, New York Post, Salon, Wired, The Sunday Times and others; and as Screenwriter, represented by Casarotto. Plaintiff is also currently adapting a book into a romantic comedy for Process Media, working on a political drama, and a TV series with BBC America.*

**Interrogatory No. 5:**     If you are not a natural individual person state
a. The type or form of legal entity you are;
b. All names you used for the past 10 years and dates used;
c. The date and place of your incorporation or formation;
d. The address of your principal place of business; and
e. The identity of your Board members and executive officers.

ANSWER:    Subject to and without waving the foregoing rights and objections, plaintiff is a natural individual person and identifies the interrogatory as not applicable.

**Interrogatory No. 6:**    Identify any licensing or registration of you with, or by, any public entity during the past ten years.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff is not in possession of any information responsive to this interrogatory.

**Interrogatory No. 7:**    Identify any business or professional titles, licenses or certificates you possess.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff refers defendant to the degrees obtained in her answer to Interrogatory No.3 and further identifies that she is qualified as a yoga teacher.

**Interrogatory No. 8:**    Identify any business or professional organizations you are a member of and the offices or professional organizations you are a member of and the offices or positions held in each.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff is not a member of any business or professional organizations responsive to this interrogatory.

**Interrogatory No. 9:**    Identify any fictitious names you have registered or done business under during the last ten years.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff refers defendant to the pseudonyms in her answer to Interrogatory No.1 and further identifies that said names are unregistered.

**Interrogatory No. 10:**    Have you ever been convicted of, or pled guilty or no-contest to, a felony or misdemeanor?  If so, for each identify:
a. Its location and date;
b. The offense;
c. The court and case number.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff identifies that she has never been convicted of or pled guilty or no contest to a felony or

6

misdemeanor.

**Interrogatory No. 11:**        Identify each individual who witnessed the supervisors and/or managers at Scores West Side pressure the dancers to engage in sexual acts with the patrons in order to charge the patrons higher fees and/or rates and specify the acts they witnessed.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff identifies the following individuals (whose full and/or legal names are unknown to her but are in the defendants' possession pursuant to statutory recordkeeping requirements:

Similarly situated employees of the defendants and who witnessed the unlawful actions complained of responsive to this interrogatory include but is not limited to: Aurora, Saskia and Cleo (plaintiff further identifies that in order to protect said individuals, she changed their respective names to Ariadne, Sasha and Chloe on her blog "Mimi in New York");

Managers, agents and/or owners of the defendant as witnesses who have knowledge of information and facts responsive to this interrogatory include but is not limited to: Tommy (last name unknown), Manager; Alex (last name unknown), Manager; Patrick (last name unknown); Elliot (last name unknown), part-Owner; and (first name, last name unknown) lawyer to Scores West.

Plaintiff further identifies that several bartenders, cocktail waitresses, House Moms and busboys who were employed at Scores West during the same time period as plaintiff may also have knowledge of information and facts responsive to this interrogatory.


**Interrogatory No. 12:**        List each and every nightclub where plaintiff performed as a dancer during the years from January 1, 2001 up to the present date. For each separate adult entertainment establishment, indicate the approximate dates during which the plaintiff performed at such club.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff refers defendant to her answers to Interrogatory Nos. 1 and 4.

**Interrogatory No. 13:**        List each and every date and hours worked on each date that plaintiff performed at the adult entertainment nightclub located at 533-535 West 27th Street, New York, New York (referred to hereinafter as "SCORES WEST").

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff cannot recall each and every date and hours worked, but identifies that such information is in the

7



in the defendants' possession pursuant to statutory recordkeeping requirements. Plaintiff further identifies that she typically worked three (3) times per week and recalls having worked at Scores West on the following dates between September-December 2005: September 12, 13, 26, 18, 20, 2005; October 2, 4, 5, 7, 16, 17, 18, 31, 2005; throughout November 2005 and on November 23, 2005.

**Interrogatory No. 14:**    Provide a list of each and every payment, whether in cash or by check, received by the plaintiff while she performed as a dancer at SCORES WEST, giving the date and the amount of any such payment.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff is conducting a search for information responsive to this interrogatory and will provide defendant with such information at a later date and under separate cover.

**Interrogatory No. 15:**    Provide copies of any and all agreements between the plaintiff and any adult entertainment nightclubs calling for the plaintiff's services as a dancer at such clubs during the period from January 1, 2001 up to the present date.

ANSWER:    Subject to and without waiving the foregoing rights and objections, plaintiff is not in possession of any agreements responsive to this interrogatory but recalls providing Scores West with a copy of her social-security card and passport and signing a document for them which they collected from her. Upon information and belief, said documents should be in the defendants' possession pursuant to statutory recordkeeping requirements. Plaintiff is not in possession of any agreements responsive to this interrogatory with either VIP or Flashdancers.



**Interrogatory No. 16:**    List the names and addresses of all individuals whom the plaintiff claims were her direct supervisors while she was working as a dancer at SCORES WEST club during the period as set forth in Paragraph 13 of the Complaint.

ANSWER:    Subject to and without waiving her foregoing rights and objections, plaintiff identifies the following individuals who served as her managers and/or direct supervisors while working as a dancer at Scores West: Alex (last name unknown), Manager; Patrick (last name unknown), Manager; Tommy (last name unknown), Manager; Elliot (last name unknown), part-Owner. Plaintiff further identifies that defendant is in possession of information responsive to this interrogatory pursuant to statutory recordkeeping requirements.

8

**Interrogatory No. 17:**      For each separate incident of sexual harassment by someone in a management position at SCORES WEST, provide the following information:
(a) State the date and approximate time of day of the incident;
(b) Give the name and title of the person responsible for the act of sexual harassment against the plaintiff.
(c) Briefly describe the act of sexual harassment in question.
(d) List the names of any individuals that it is claimed witnessed the act of sexual harassment.

**ANSWER:**    Subject to and without waiving her foregoing rights and objections, plaintiff identifies the following as one such incident of sexual harassment responsive to this interrogatory:

a) October 18-19 2005 and sometime between 9:00 pm – 4:30 am;
b) Tommy (last name unknown), Manager;
c) Tommy falsely told plaintiff that a patron wished to see her in a back-room, and he then followed her into the empty room and locked the door behind him.  Once inside, he physically and sexually forced himself onto the plaintiff, causing bruises, and forced her to engage in oral sex with him.  Plaintiff complied only because she feared he would rape her if she continued to struggle with him.  Shortly thereafter, he pushed her into a chair near him in the restaurant, cut up his steak and rubbed it in her face while pulling her by the hair so she could not get away;
d) Plaintiff recalls a shy East Indian waiter coming into the backroom after Tommy left the room in which the sexual assault occurred to ask if she was alright.  With respect to the steak incident, plaintiff recalls that it occurred in front of several individuals, including managers who eventually told Tommy to calm down.

**Interrogatory No. 18:**      With respect to the allegations contained in Paragraphs 56 and 57 of the Complaint, list specifically all deductions allegedly taken by the defendant from the gratuities received by the plaintiff.  For each such deduction, state the amount of such deduction and the date when such deduction took place and who on behalf of the defendant made such deduction.

**ANSWER:**    Subject to and without waiving her foregoing rights and objections, plaintiff does not have sufficient recollection to be completely responsive to this interrogatory but identifies that the unlawful deductions taken by defendant from gratuities earned and received by the plaintiff during each of her work shifts included but was not limited to making payments of the following approximate amounts to the below employees, agents and managers of the defendant:

a) House Moms:              $20.00 - $40.00 +;
b) Make-Up Artist:          $20.00 - $40.00;
c) Disc Jockey:             $40.00 +;
d) Bar Tender:              $2.00 per drink; — No money carried drinks optional
e) Bathroom Attendants:     $2.00 per bathroom visit;
f) Managers:                $250.00 - $300.00 per hour in private room of club

9

g) Waiters: $20.00 - $50.00 — *optional*
h) Security: $100.00. — *no such*

Plaintiff further identifies that unlawful deductions were taken by the defendant from gratuities earned and received by plaintiff in the following approximate amounts for reasons including but not limited to those set forth below:

i) Special Nights: $200.00 per special night uniform; — *never*
j) Post-9 p.m. Shift: $100.00 - $150.00;
k) Friday/Saturday House Fees: $100.00 - $150.00; *100 - 140*
l) Promotional Items: $75.00 per unsold item. *No*

**Interrogatory No. 19:** With respect to the allegation contained in Paragraph 58 of the Complaint, list all payments made by the plaintiff to other employees at SCORES WEST wherein she was required to share part of her gratuities. Specifically, list the name, address and title of each employee to whom plaintiff shared part of her gratuities with. Also, state the name and title of the manager or person at the defendant who required the plaintiff to share part of her gratuities, as alleged, with other employees at the SCORES WEST nightclub.

ANSWER: Subject to and without waiving her foregoing rights and objections, plaintiff does not have sufficient recollection to be completely responsive to this interrogatory but refers defendant to her answers to Interrogatory Nos. 11, 18.

**Interrogatory No. 20:** With respect to the allegations contained in Paragraphs 33, 39, and 45 of the Complaint, provide the following information:
(a) List all losses of earnings, past and/or future, that the plaintiff claims were a direct result of the actions of the defendant as alleged in the Complaint. State specifically, in what way the actions of the defendant caused such direct loss of earnings.
(b) List the total amount which the plaintiff claims she is entitled to and suffered with regard to monetary and compensatory damages as demanded in the Complaint and state the basis for each separate itemized portion of such monetary and/or compensatory damages.
(c) With respect to the claim, as alleged in the Complaint, that the plaintiff suffered humiliation and loss of reputation, specifically state in what way the plaintiff directly suffered from humiliation or a loss of reputation. With respect to the loss of reputation, specifically set forth the reputation which is referred to, (i.e., social reputation, work reputation, reputation as a performer, etc.).

ANSWER: Subject to and without waiving the foregoing rights and objections, plaintiff identifies that she is seeking monetary and compensatory damages as a result of the defendant's unlawful actions, including loss of past and future earnings and other employment benefits; emotional distress damages for mental anguish and humiliation; punitive damages; attorneys'

fees and costs as awarded by the court, and interest. Plaintiff further identifies that her emotional distress damages for mental anguish and humiliation and punitive damages will be in an amount to be determined by the jury.

**Interrogatory No. 21:**       State whether the plaintiff herein, at any time during the time period from January 1, 2004 up to the present date, was ever employed by or worked from an "escort service".

ANSWER:    Subject to and without waiving her foregoing rights and objections, plaintiff identifies that she was never employed by or worked for an "escort service." Notwithstanding the plaintiff's good faith in answering defendant's interrogatories, many of which are clearly outside the scope of the Federal and Local Rules, plaintiff is appalled by the indecency demonstrated by the defendant in composing Interrogatory No. 21.

**Interrogatory No. 22:**       State whether the plaintiff herein was ever charged with or arrested during the period from January 1, 2004 up to the present date anywhere, for the crime of "prostitution" or "solicitation for the purpose of prostitution".

ANSWER:    Subject to and without waiving her foregoing rights and objections, plaintiff identifies that she was never charged with or arrested for any crime responsive to this interrogatory and further refers defendant to her answer to Interrogatory No. 1.

**Interrogatory No. 23:**       State the name of all persons or agencies who investigated any of the claims made by plaintiff in the Complaint.

ANSWER:    Subject to and without waiving her forgoing rights and objections, plaintiff is not in possession of any information responsive to this interrogatory.

**Interrogatory No. 24:**       State the address of any website and/or blog that plaintiff maintains and/or has control of from 2001 to the present.

ANSWER:    Subject to and without waiving her forgoing rights and objections, plaintiff identifies the following information responsive to this interrogatory: "Mimi in New York" – http://www.mimiinewyork.blogspot.com.

**Interrogatory No. 25:**       For each entity that you have formed and/or have control of since 2001, state the following:
a. The type or form of legal entity;

11